IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WASHINGTON INVESTMENTS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:24cv1756 |
| | ) | **Electronic Filing** |
| **BLENDED, LLC, SAMANTHA DELEE** | ) | |
| and **JOSIAH DELEE,** | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

Plaintiff commenced this breach of contract action seeking redress for defendants' asserted failure to pay rent and other obligations due under a lease of real property used for a commercial purpose. Presently before the court is defendants' motion to dismiss. For the reasons set forth below, the motion will be granted to the extent defendants seek a determination that the statute of limitations bars recovery for the breaches and damages that accrued prior to December 26, 2020. It will be denied to the extent it seeks a declaration that the entirety of plaintiff's claim accrued prior to that date. The court's ruling will be without prejudice to either party making a more concrete showing at the close of discovery that any or all of the claimed damages were tolled or barred based on factual matters not currently encompassed within the complaint and its exhibits.

Plaintiff avers defendants entered a contract for the lease of real property located at 900 Wildflower Drive, Suite 910, Washington, Pennsylvania (the "property"). Complaint (Doc. No. 1) at ¶ 7. The lease specifically set forth the terms of the agreement and the rights, duties, responsibilities, and liabilities of each party to the lease, including the rental amounts. Id. at ¶ 8.

1

Defendants have refused to pay the full rental amounts due under the lease and have unreasonably withheld payments.  Id. at ¶ 9.  Their failure and refusal to pay the amounts due has continued despite being "sent multiple Notices of Default."  Id. at ¶ 10.[1]

Plaintiff further asserts that "[d]efendants have defaulted under the lease and caused damage to Plaintiff."  Id. at ¶ 11.  Plaintiff has sustained economic damages as a direct result of the defendants' breach and will sustain additional damages in the form of brokerage fees, attorney's fees, and additional costs, all of which are recoverable under the lease.  Id. at ¶ 12.  As of the filing of the complaint, defendants assertedly "are responsible for back rent, CAM fees, taxes, insurance, and late fees in the amount of $184,011.82."  Id.[2]

Despite receiving notices of default beginning in October of 2018 and continuing through at least October of 2019, "[d]efendants have breached their agreement by refusing to pay the amounts due and owing, and by failing to cure the defaults."  Id. at ¶ 13.  Individual defendants Samantha DeLee and Josiah DeLee are personally liable for the damages "as personal guarantor[s] of the Lease for Blended."  Id. at ¶ 15.  As a result, plaintiff seeks an award of compensatory damages, attorney's fees, and all other remedies available by law against all three defendants.  Id. at ¶ 16.

Defendants maintain that dismissal is warranted pursuant to Rule 12(b)(6) because plaintiff failed to file suit within the applicable statute of limitations.  Defendants assert that Pa. C. S. § 5525(a)(8) supplies the applicable statute of limitations for a breach of contract claim,

---

[1] Plaintiff attaches the Notices of Default as an exhibit to the complaint.  The first of these notices was dated October 18, 2018, and the last was dated October 3, 2019.

[2] Plaintiff attaches a spreadsheet reflecting what it contends are the accrued breakdown of the amounts due under the lease commencing in August of 2018.  The arrears in rent appear to begin in October of 2018, with partial payments being received or credits being made from that month through August of 2019.  Late fees are assessed in January of 2019 and continue thereafter through October of 2019.  Id. at Exhibit C (Doc. No. 1-4).

which is four years.  Relying on the exhibits of the complaint and advancing assertions of fact

extrapolated therefrom, defendants content that plaintiff's submissions establish that a breach of

contract first occurred in October of 2018, when plaintiff sent its first notice of default for failure

to pay rent, and on October 1, 2019, plaintiff recorded the final amount of rent, fees, taxes, and

insurance to the ledger tracking defendants' contractual shortcomings.  A final notice of default

assertedly followed on October 2, 2019, and on August 17, 2020, plaintiff purportedly applied

defendants' security deposit to the account.  And as of November 1, 2019, plaintiff assertedly

stopped seeking rent from defendants.  Defendants' Brief in Support of Motion to Dismiss (Doc.

No. 15) at 5-6.

      Based on the above rendition of the events underlying plaintiff's complaint, defendants

argue that the events reflecting defendants' breach of the lease occurred more than four years

prior to the filing of the complaint.  As a result, from defendants' perspective the entirety of

plaintiff's action is barred by the statute of limitations.

      Plaintiff contends in response that defendants executed the lease on November 21, 2017,

and the agreement covered the lease of the premises for five years.  It asserts that the obligations

of the lease were ongoing, and it was only at the end of the five-year term that the agreement

terminated.[3]  Because the termination was within the four-year look-back period, plaintiff

maintains that all of its asserted damages are recoverable.

      Defendants do not challenge the complaint as failing to set forth a breach of contract

claim.  Instead, their contention is that complaint establishes on its face that the cause of action

has been untimely filed under the applicable statute of limitations.  Seeking to bar a claim based

---

[3] Although less than clear, plaintiff apparently takes the position that the five-year term of the least did not expire until November 21, 2023.  See Brief in Opposition (Doc. No. 19) at p. 4.

on a statute of limitations defense is an affirmative defense. Fed. R. Civ. P. 8(c)(1); <u>Chainey v. Street</u>, 523 F.3d 200, 209-10 (3d Cir. 2008).

It has long been settled that a plaintiff is not required to plead the absence of an affirmative defense in setting forth a claim under Federal Rule of Civil Procedure 8(a). <u>Schmidt v. Skolas</u>, 770 F.3d 241, 251 (3d Cir. 2014) ("a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.") (citing <u>In re Adams Golf, Inc. Sec. Litig.</u>, 381 F.3d 267, 277 (3d Cir. 2004); <u>Doe v. GTE Corp.</u>, 347 F.3d 655, 657 (7th Cir.2003) ("[L]itigants need not try to plead around defenses")); and <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994). Instead, Rule 8(c) allocates the burden of raising an affirmative defense to the defendant through the filing of an answer. <u>Robinson v. Johnson</u>, 313 F.3d 128, 134-35 (3d Cir. 2002). However, under the so-called "Third Circuit Rule," an affirmative defense may be considered and granted pursuant to a motion to dismiss, but only if the defense conclusively is established on the face of the complaint. <u>Id.</u> If it is not, then the defense may not be used to end the litigation at the pleading stage. <u>Id.</u> (citing <u>Bethal v. Jendoco Construction Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978)); <u>accord</u> <u>Peltz v. State Farm Mutual Automobile Ins. Co.</u>, 538 F. Supp.3d 498, 506 (W.D. Pa. 2021) ("a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense.") (quoting <u>Schmidt v. Skolas</u>, 770 F.3d 241, 248 (3d Cir. 2014)).

Plaintiff's claim for unpaid rent and related damages under a commercial lease is governed by "Pennsylvania's Landlord and Tenant Act of 1951[, which] mandates that actions to collect rent proceed under the common law of contracts." <u>Tsung Tsin Association v. Lung Fong Produce, Inc.</u>, 2019 WL 1531884, *2 (Pa. Super. Ct., April 9, 2019). "Any landlord may recover from a tenant rent in arrears in an action of assumpsit as debts of similar amount are by law recoverable." <u>Id.</u> (quoting 68 P.S. § 250.301.3).

4

Generally, Pennsylvania has a four-year statute of limitations that governs breach of contract claims.  See 42 Pa. C. S. § 5525(a)(8); Packer Soc. Hill Travel Agency, Inc. v. Presbyterian Univ. of Pennsylvania Med. Ctr., 635 A.2d 649, 652 (Pa. Super. 1993) ("[T]he statute of limitations applicable to all actions on contracts not under seal is uniform.  The period of limitations is four years.").  "The statute of limitations begins to run in the case of contracts when the action accrues or arises, which is when there is an existing right to sue forthwith on the breach of the contract."  Thorpe v. Schoebrun, 195 A.2d 870, 872 (Pa. Super. Ct. 1963) (citing 22 P.L.E., Limitation of Actions § 54); Packer Soc. Hill travel Agency, 635 A.2d at 631 ("In general, an action based on contract accrues at the time of breach.").

Where a lease creates an obligation to pay rent or other sums on a fixed or recurring basis, each failure to pay by the tenant constitutes a breach of contract that is actionable under Pennsylvania's Landlord and Tenant Act of 1951.  Tsung Tsin Assoc., 2019 WL 1531884 at *3.  Here, the lease obligated defendants to pay rent "on the first (1st) day of each month."  Lease Agreement (Doc. No. 1-2) at Section 2.01 – Base Rent (p. 2).  Plaintiff avers defendants "have refused to pay the full rental amounts pursuant to the terms of the lease" and "have failed to pay the amount delinquent under the lease agreement" despite multiple notices of default.  Complaint at ¶¶ 9-10.  And it has submitted notices of default from October of 2018 through November of 2019.

"Where, as here, a tenant has allegedly breached a series of reoccurring obligations to pay rent over the life of a lease, the statute of limitations, practically speaking, creates a 'four-year-look-back' period."  Tsung Tsin Assoc., 2019 WL 1531884 at *3.[4]  Plaintiff has not alleged that

---

[4]  In Tsung Tsin Assoc., the tenant paid the base rate rent over the twenty-year term of the lease.  At the expiration of that period the landlord sued for what it contended was additional rent that

the parties entered into some form of agreement that tolled the statute of limitations for unpaid rent. Given these circumstances, 42 Pa. C. S. § 5525(a)(8) time-bars the recovery for breaches that gave rise to a right to recovery prior to December 26, 2020, while recovery for any breaches occurring on or after that date remained legally viable. Compare, id., at *3 ("In short, 42 Pa.C.S.A. § 5525(a)(8) time-barred all causes of action arising prior to June 6, 2011, while any causes of action, accruing from a breach on or after that date, remained legally viable.").

Plaintiff's attempt to avoid a straightforward application of Pennsylvania law governing the accrual of claims for breach of a lease calling for monthly payments of rent by asserting that it could wait until the lease expired to sue for all amounts due is unavailing. Plaintiff fails to cite any case that recognizes that an action at law for each unpaid monthly rent payment did not accrue. And applying the legislative scheme in that manner is contrary to the well-established body of law governing such matters. Indeed, the very case law plaintiff cites establishes as much.[5] That said, it appears from the face of the complaint that defendants did have an obligation to pay rent throughout the term of the lease and the amount of rent and additional fees becoming due after December 26, 2020, remain actionable.

Similarly, defendants' efforts to establish from the face of the complaint and its exhibits that an anticipatory breach of the entire agreement occurred prior to December 26, 2020, fall short. The requisite elements of an anticipatory breach were established by the Supreme Court of Pennsylvania in McClelland v. New Amsterdam Casualty Co., 185 A. 198 (1936). There, the

---

was due because of increases in property taxes, use and occupancy taxes, water, sewage and gas. Id. at *1.

[5] Plaintiff's reliance of the non-waiver of default provision in the lease does not excuse plaintiff's obligations to pursue its rights in a timely manner as required by Pennsylvania law. The provision does not purport to be an agreement to toll any cause of action for breach until the expiration of the lease agreement and there is neither sufficient facts in the record nor sound logic for applying the provision in that manner.

court followed the standards set out by the United States Supreme Court in <u>Dingley v. Oler</u>, 117 U.S. 490 (1886), which held that to constitute an anticipatory breach there must be 'an absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so.'" <u>2401 Pennsylvania Ave. Corp. v. federation of Jewish Agencies of Greater Philadelphia</u>, 489 A.2d 733, 736 (Pa. 1985) (quoting <u>McClelland v. New Amsterdam Casualty Co.</u>, 184 A. 198 (1936)). The <u>McClelland</u> standard still provides the rule of law in Pennsylvania. <u>Id.</u> (citing <u>William B. Tanner v. WIOO, Inc.</u>, 528 F.2d 262 (3d Cir.1975); <u>McCloskey v. Minweld Steel Co.</u>, 220 F.2d 101 (3d Cir.1955); <u>Alabama Football, Inc. v. Greenwood</u>, 452 F. Supp. 1191 (D.C.Pa.1978); <u>Wolgin v. Atlas United Financial Corp.</u>, 397 F. Supp. 1003 (E.D. Pa.1975), <u>aff'd. mem.</u>, 530 F.2d 966 (3d Cir.1976); <u>Shafer v. A.I.T.S., Inc.</u>, 285 Pa. Super. 490, 428 A.2d 152 (1981)).

Here, the alleged failure of defendants to pay rent in a timely manner does not in itself demonstrate that the parties recognized or agreed that there had been an absolute and unequivocal refusal to do so in the future or that defendants tendered a distinct and positive statement of their inability to do so. <u>Cf.</u> <u>Tri-State Professionals, Inc. v. Smith Barney</u>, 2000 WL 35630570, at *4-5 (M.D. Pa., March 12, 2000) (vacating the premises is not sufficient to establish an anticipatory repudiation). And even assuming that such an event occurred, defendants have not established that from a legal perspective such an event would result in an acceleration of plaintiff's obligation to seek recourse or suffer the consequence of losing its rights to do so. Consequently, it is not entitled to dismissal of the entirety of plaintiff's breach of contract claim.

For the reasons set forth above, defendants' motion to dismiss based on the statute of limitations will be granted in part and denied in part. The motion will be granted to the extent defendants seek a determination that the statute of limitations bars recovery for the breaches and

7

damages that accrued prior to December 26, 2020.  It will be denied to the extent it seeks a declaration that the entirety of plaintiff's claim accrued prior to that date.  The court's ruling will be without prejudice to either party making a more concrete showing at the close of discovery that any or all of the claimed damages were tolled or barred based on factual matters not currently encompassed within the complaint and its exhibits.  An appropriate order will follow.

Date: September 15, 2025

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     Mark A. Kepple, Esquire
        Brandon J. Verdream, Esquire
        Gilda M. Arroyo, Esquire

        (*Via CM/ECF Electronic Mail*)